

FILED

NOV 3 0 2005

FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLK

4:05-CV-156-F (2)

| | |
|---|---|
| CHRISTOPHER O. TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **NOTICE OF REMOVAL** |
| v. ) | |
| ) | 28 U.S.C. §§ 1332, 1441, 1446 |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

Defendant, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), hereby gives this Court notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446. As the basis for the removal, Defendant states the following:

1.  Plaintiff is a citizen and resident of Halifax County, North Carolina;

2.  Defendant Wal-Mart is a corporation incorporated in the State of Delaware with its principal place of business in the State of Arkansas;

3.  Plaintiff has filed this action in the State of North Carolina, Halifax County Superior Court;

4.  This action is pending in Halifax County Superior Court;

5.  The matter in controversy between the Plaintiff and the Defendant exceeds the sum or value of $75,000, exclusive of interest and costs;

6.  This action is removable pursuant to 28 U.S.C. §§ 1332 and 1441 as there is diversity of citizenship between the parties as they are citizens of different states.

Attached hereto is a copy of the Civil Summons and Complaint, which documents constitute

all of the process, pleadings and orders served upon Defendant in the aforementioned action.

This the 3rd day of November, 2005.

BROWN, CRUMP, VANORE & TIERNEY, L.L.P.

By: _____

R. Scott Brown
NC State Bar No. 13435
P.O. Box 1729
Raleigh, NC 27602
Telephone: (919) 835-0909
Attorney for Defendant

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was served upon counsel for all parties by ( ) Federal Express; ( ) Hand Delivery; (✓) United States Mail, first class postage prepaid, addressed as follows:

J. Nicholas Ellis
Poyner & Spruill
P.O. Box 353
Rocky Mount, NC 27802
*Attorney for Plaintiff*

James S. Livermon, Jr.
Hux, Livermon & Armstrong
P.O. Box 217
Enfield, NC 27823
*Attorney for Plaintiff*

This the _30_ day of November, 2005.

BROWN, CRUMP, VANORE & TIERNEY, L.L.P.

By: _____

R. Scott Brown
NC State Bar No. 13435
P.O. Box 1729
Raleigh, NC 27602
Telephone: (919) 835-0909
Attorney for Defendant

# STATE OF NORTH CAROLINA

▶ File No.
05-CVS-

HALIFAX _____ County

In The General Court of Justice
☐ District ☒ Superior Court Division

**Name of Plaintiff**
CHRISTOPHER O. TURNER

**Address**
400 Davie Smith Street

**City, State, Zip**
Roanoke Rapids, NC 27870

## CIVIL SUMMONS

☐ **Alias and Pluries Summons**

G.S. 1A-1, Rules 3, 4

### VERSUS

**Name of Defendant(s)**
WAL-MART STORES, INC.

**Date Original Summons Issued**

**Date(s) Subsequent Summon(es) Issued**

---

### To Each of The Defendant(s) Named Below:

**Name And Address of Defendant 1**
Wal-Mart Stores, Inc.
c/o CT Corporation System, Registered Agent
225 Hillsborough Street
Raleigh, NC 27603

**Name And Address of Defendant 2**

---

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above,

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| J. Nicholas Ellis, Poyner & Spruill LLP | 11-2-05 | 10:09 | ☑ AM ☐ PM |
| Post Office Box 353 | **Signature** Linda Bizard | | |
| Rocky Mount, NC 27802-0353 | | | |
| 252-446-2341 | ☑ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | | |

| | Date of Endorsement | Time | |
|---|---|---|---|
| ☐ **ENDORSEMENT** | | | ☐ AM ☐ PM |
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | **Signature** | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | | |

**NOTE TO PARTIES:** *Many Counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts (Over)

NORTH CAROLINA  GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
HALIFAX COUNTY 05-CVS- 1299

2005 OCT 28 A 9: 59

HALIFAX COUNTY, C.S.C.
CHRISTOPHER O. TURNER,

By
Plaintiff,

vs. **COMPLAINT**

WAL-MART STORES, INC.,

Defendant.

Plaintiff Christopher O. Turner ("Plaintiff"), by and through the undersigned attorneys,
state for their complaint against Defendant Wal-Mart Stores, Inc. ("Defendant"), as follows:

1.  Plaintiff is a citizen and resident of Halifax County, North Carolina.

2.  Defendant owns and operates a business that is located in Roanoke Rapids, North
    Carolina. Upon information and belief, Defendant is headquartered in Arkansas,
    but is authorized to conduct business in the State of North Carolina.

3.  Plaintiff was a customer shopping at Defendant's store in Roanoke Rapids on
    November 5, 2004. While at Defendant's store, Plaintiff purchased an item of
    merchandise and exited the premises.

4.  After Plaintiff exited Defendant's store, he was surrounded by three of individuals
    and stopped against his will. Two of these individuals were Defendant's
    employees and the third, who showed a law enforcement badge to Plaintiff, is
    believed to have been an employee of Defendant.

5.  All of Defendant's employees actions were committed within the scope and
    course of their employment with Defendant and are imputed to Defendant.

6.  Defendant's employees questioned Plaintiff about whether he shoplifted any merchandise.

7.  Plaintiff told Defendant's employees that he did not have any merchandise on his person other than what he had purchased and paid for. Even though Defendant's employees were advised of this by Plaintiff, Defendant's employees physically "patted down" Plaintiff while he was in plain view of the general public. Defendant's employees never asked Plaintiff for his consent when they physically stopped him and/or searched him.

8.  When Plaintiff exited Defendant's store, no alarm or any other security device was activated. Nonetheless, Defendant's employees still surrounded Plaintiff and detained him while they physically searched his person.

9.  While Plaintiff was detained by Defendant's employees, which detention was against his will, the employees took his bag of merchandise, which he had legally purchased. They also took possession of the keys to his automobile. Defendant's employees did not have permission or authorization from Plaintiff to take possession of his merchandise or the keys to his automobile.

10. Plaintiff was ordered by Defendant's employees to walk back to an office located in the front of Defendant's store. While he was being walked to the front of the store, Defendant's employees repeatedly told him to "confess his crime". Plaintiff advised Defendant's employees that he had not done anything improper or unlawful. Nonetheless, Defendant's employees still forced Plaintiff to the front of Defendant's store.

11. When Plaintiff was placed in a room in the front of Defendant's store, he was still detained by Defendant's employees. The employees took his wallet from him and counted his cash. This was done without Plaintiff's authorization or permission.

12. While detained in the room at the front of the store, Plaintiff requested Defendant's employees to show him a videotape or any other evidence they had indicating he had done something improper or unlawful. Defendant's employees stated words to the effect of "we don't have to show you anything" and they did not offer any evidence that Plaintiff had done anything improper or unlawful. Additionally, Defendant's employees advised Plaintiff that they had been watching him, his brother and his father and suspected all of them of criminal activity.

13. Plaintiff was imprisoned and held against his will by Defendant's employees in this front office for 30 to 40 minutes. Again, he was physically patted down by Defendant's employees and this was again, done without Plaintiff's permission or authorization. During this time, as with the previous "pat down", Defendant's employees never found any merchandise in the possession of Plaintiff that he had not previously paid for.

14. While Plaintiff was detained by Defendant's employees, upon information and belief, Defendant's employees had contacted the Roanoke Rapids Police Department and requested that a law enforcement officer come to arrest Plaintiff.

15. While detained in the room at the front of the store by Defendant's employees, a Roanoke Rapids Police Department Officer arrived and handcuffed Plaintiff with his hands behind his back. The officer took Plaintiff's keys to his automobile and

also the bag of merchandise he had and, in the presence of Defendant's employees, escorted Plaintiff through the store in view of the general public. The handcuffing of Plaintiff was in view of members of the general public located in the store and in the parking lot as Plaintiff was taken by the police officer and placed in a marked police cruiser. The police officer then took Plaintiff to the Police Station located in Roanoke Rapids.

16. Plaintiff was detained at the Police Station for approximately one hour and during this time, he was handcuffed to a bench. Shortly after that time, the arresting officer drove Plaintiff back to the Defendant's store and allowed him to leave in his vehicle. Plaintiff was given a copy of an arrest warrant that was taken out based on information provided by Defendant's employee Jonathan Epps. A copy of the Magistrate's Order alleging Plaintiff violated N.C. Gen. Stat. §14-72.1 is attached as Exhibit A and incorporated herein by reference as if fully set forth.

17. Plaintiff was instructed not to enter Defendant's premises in the future and also not to enter the premises of an adjacent gas station and car wash. He was not given any explanation for these instructions.

18. Approximately two weeks after his arrest, Plaintiff's father was advised by Brenda Branch, an Assistant District Attorney for Halifax County that the charges against Plaintiff had been dismissed. A copy of the Dismissal dated November 30, 2004, is attached as Exhibit B and incorporated herein by reference as if fully set forth. The Dismissal was filed based on information from Defendant's employee Jonathan Epps.

19. Brenda Branch advised Plaintiff's father that Defendant advised her that it did not have any evidence that Plaintiff committed the crime for which he was charged or for any other crime.

20. Even after the criminal charges had been dismissed, Defendant continued to harass Plaintiff by communicating with him through correspondence that demanded that he pay $150 for taking possession of merchandise from Defendant's store without its consent and without paying for it and with the intent of converting the merchandise for his personal use or for the use of another. Attached as Exhibit C, D and E are copies of the first, second and third notices Plaintiff received from Defendant which are respectively dated November 22, 2004, December 20, 2004 and January 3, 2005 and such exhibits are incorporated herein by reference as if fully set forth.

21. Additionally, Plaintiff was contacted by Palmer, Reifler & Associates, attorneys representing Defendant, through written communication making demand for payment from Plaintiff for "larceny." Attached as Exhibits F and G are copies of correspondence from Defendant's counsel dated May 10, 2005 and June 6, 2005.

## FIRST CAUSE OF ACTION

## (MALICIOUS PROSECUTION)

22. Plaintiff incorporates all prior paragraphs as if fully set forth.

23. Defendant caused the criminal proceeding against Plaintiff to be instituted and to continue until it was dismissed by the Halifax County District Attorney.

24. Defendant, through its employees, did the above with malicious intent and in reckless disregard of Plaintiff's rights and without probable cause.

25.   Defendant's wrongful conduct as alleged above, proximately caused Plaintiff to incur damages in an amount exceeding $10,000.

## SECOND CAUSE OF ACTION

## (INTENTIONAL OR RECKLESS INFLICTION OF SEVERE EMOTIONAL DISTRESS)

26.   Plaintiff incorporates all prior paragraphs as if fully set forth.

27.   The conduct of Defendant's employees as alleged above was extreme and outrageous and exceeded bounds usually tolerated by decent society.

28.   Defendant's conduct, through its employees, was intended to cause, or recklessly indifferent to the likelihood that it would cause, severe emotional distress to Plaintiff.

29.   Defendant's conduct proximately caused severe emotional distress to Plaintiff in the form of a severe and disabling emotional and/or mental condition.

30.   Defendant's wrongful conduct as alleged above proximately caused Plaintiff damages in an amount exceeding $10,000.

## THIRD CAUSE OF ACTION

## (SLANDER PER SE)

31.   Plaintiff incorporates all prior paragraphs as if fully set forth.

32.   Defendant, through its employees, recklessly and negligently made malicious statements about Plaintiff, including the false accusation that he had tried to take possession of merchandise from Defendant's store without Defendant's consent, without paying for it and with the intent of converting the merchandise for his own personal use or the use of another and that he and his family were involved in criminal activity.   Defendant, through its employees, also recklessly and

negligently made statements about Plaintiff, including the false accusation that he had violated N.C. Gen. Stat. §14-72.1. Defendant's conduct, through its employees, included these statements and false accusations which were made without conducting any reasonable investigation to determine the veracity of the accusations.

33.    Defendant knowingly, recklessly and/or negligently falsely accused Plaintiff of unethical, immoral and criminal conduct, thereby impeaching and defaming him.

34.    These statements were susceptible of only one meaning.

35.    Defendant's wrongful conduct as alleged above proximately caused Plaintiff damages in an amount exceeding $10,000.

## FOURTH CAUSE OF ACTION

### (NEGLIGENCE)

36.    Plaintiff incorporates all prior paragraphs as if fully set forth.

37.    Defendant owed Plaintiff the duty to use ordinary care in investigating the identity of any individual suspected of wrongfully obtaining possession of merchandise without paying for it and also in reporting charges of such activity to law enforcement.

38.    Defendant, through its employees, breached that duty of care and was negligent in that:

    a.    Identified Plaintiff as a criminal suspect despite the fact that Defendant's employees had insufficient opportunity to observe Plaintiff the entire time he was within Defendant's store.

b.     Defendant, by and through its employees, identified Plaintiff as an individual who had wrongfully obtained possession of merchandise without paying for it despite the fact that Defendant's employees did not observe Plaintiff at any time taking any merchandise and concealing it and/or leaving the store premises without first paying for it.

c.     Defendant, through its employees, identified Plaintiff as a criminal suspect to the Roanoke Rapids Police Department and thereby caused a criminal proceeding to be instituted against him despite the fact that Defendant's employees knew that there was no probable cause to believe that Plaintiff had committed a crime.

d.     Upon information and belief, Defendant's employees failed to follow such policies and procedures as established by Defendant that may have been in place for the investigation and reporting of shoplifting incidents.

39.     The conduct of Defendant, through its employees, was a violation of the duty Defendant owed to use ordinary care in training and supervising employees and also a violation of the duty to use proper means and methods of investigating and reporting incidents of shoplifting.

40.     Defendant's conduct proximately caused Plaintiff emotional distress, humiliation and embarrassment and cost him other damages.

41.     Defendant's wrongful conduct as alleged above proximately caused Plaintiff damages in an amount exceeding $10,000.

## FIFTH CAUSE OF ACTION

### (WRONGFUL DETENTION/FALSE IMPRISONMENT)

42. Plaintiff incorporates all prior paragraphs as if fully set forth.

43. Defendant's employees detained Plaintiff against his will and such detention was intentional on the part of Defendant.

44. The detention by Defendant's employees of Plaintiff was not done in a reasonable manner or for a reasonable length of time.

45. Defendant's employees did not have probable cause to believe Plaintiff had concealed goods or merchandise while in Defendant's store.

46. As a result of the above-described acts, Plaintiff suffered damages that were proximately caused by such acts of Defendant in an amount exceeding $10,000.

## SIXTH CAUSE OF ACTION

### (PUNITIVE DAMAGES)

47. Plaintiff incorporates all prior paragraphs as if fully set forth.

48. The actions of Defendant were intentional, reckless, willful, wanton and/or grossly negligent and such actions proximately caused damage to Plaintiff and therefore, Plaintiff is entitled to recover punitive damages against Defendant in an amount in excess of $10,000.

## JURY TRIAL

49. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays to the Court as follows:

1. That Plaintiff have and recover compensatory damages from Defendant in an amount in excess of $10,000 together with any interest allowed by law.

2.	That Plaintiff have and recover punitive damages from Defendant in an amount in excess of $10,000 together with any interest allowed by law.

3.	That all costs for this action, including attorney's fees, be taxed against Defendant.

4.	That this matter be tried by a jury.

5.	That the Court grant Plaintiff any other relief it deems just and proper.

This the ___ day of October 2005.

POYNER & SPRUILL LLP

By: _____

J. Nicholas Ellis
130 S. Franklin Street
Post Office Box 353
Rocky Mount, NC 27802-0353
Telephone: (252) 446-2341

HUX, LIVERMON & ARMSTRONG, L.L.P.

By: _____

James S. Livermon, Jr.
P.O. Box 217
Enfield, NC 27823-0217
Telephone: (252) 445-5188

702 SW 8TH STREET
BENTONVILLE, AR 72716-0815

01380

DEFENDANT'S
EXHIBIT
C

Reference No: 2004-1502-000272
11/22/2004

2005 OCT 28 A

**WAL★MART**®

HALIFAX COUNTY, C.S.C.

**LOSS PREVENTION RECOVERY TEAM**

11-80071-21**********AUTO**MIXED AADC 350
BY
Mr. Christopher Turner
400 Davie Smith St
Roanoke Rapids, NC 27870-9362

Send Payments with Reference Number To:
Loss Prevention/Recovery Div.
P.O. Box 1126
Lowell, AR 72745-1126
or use Payment Form Enclosed

Dear Mr. Turner:

Our records show that on 11/05/2004, you took possession of merchandise from Wal-Mart without the owner's consent without paying for it, and with the intent of converting the merchandise for personal use or the use of another.

In accordance with North Carolina Statute, G.S. 1-538.2, a copy of which is enclosed, we are authorized to demand that you pay damages of one hundred fifty dollars ($150.00).

In the event you fail to comply with our demand for one hundred fifty dollars ($150.00) within 15 days from the date of your receipt of this notice, you may be held civilly liable for an amount not less than $150.00 and not more than $1,000.00 in a civil action against you to recover the penalties and damages authorized by law, which includes reasonable attorneys' fees.

In order to eliminate further expense and inconvenience to you, we must receive the following amount:

## $ 150.00 Total Civil Demand

To ensure proper credit, please include your printed name and reference number on the enclosed payment processing form. Payment should be made within fifteen (15) as by money order, cashiers check or certified check paid to the order of Wal-Mart Stores, Inc. We accept the following major credit cards: MasterCard, VISA, and Discover. We also offer Western Union payment options - Phone Pay, credit card, and Quick Collect. Contact our office for details. For your convenience, we have enclosed a remittance envelope.

If you have any questions concerning this matter, you may contact our office at 1 -800-236-7428, (option 1 for payment arrangements or option 2 for questions), Monday through Friday, between the hours of 7:00 a.m. and 6:00 p.m. Central Standard Time. You have the right to seek legal counsel at your own expense. If you do not pay this request, we retain the right to proceed against you in civil action for damages allowed by the North Carolina State Law including reasonable attorneys' fees.

IMPORTANT NOTICE: The payment of any penalty does not prevent criminal prosecution under a related criminal provision and does not prevent any fines or punishment which may be handed out by the criminal court
**Por favor, hable a nuestra oficina al 1-800-236-7428 para comunicarse con un asociado en Español si lo necesita.**

WAL-MART LOSS PREVENTION RECOVERY TEAM                    NCOFF0299

Mr. Christopher Turner
400 Davie Smith St
Roanoke Rapids, NC 27870-9362



2004-1502-000272

_____ Loss Prevention/ Recovery Div.
----- PO Box 1126
----- Lowell, AR 72745-1126

## Payment Processing Form
(Complete this form and remit with your payment)

Name _____

Address _____

City_____ State_____ Zip_____

Driver Lic ·_____ State Issued_____

Home Phone _____ Office Phone_____

Vendor #483503 #543108
FOR OFFICE USE ONLY
Authorization_____
Date:_____
Account #:_____

Please charge the following credit card: (NOT APPLICABLE IN MARYLAND)

Visa No. _____ Exp. Date _____

MC No. _____ Exp. Date _____

Disc. No._____ Exp. Date _____

Signature _____ Amount $ _____
(REQUIRED)



From

Place
Stamp
Here



PRESORTED
FIRST CLASS

BIRMINGHAM
AL
NOV 2 704

U.S. POSTAGE
0.30

702 SW 8TH STREET
BENTONVILLE, AR 72716-0815

01276

Reference No: 2004-1502-000272
12/20/2004

## SECOND NOTICE



**DEFENDANT'S EXHIBIT**

D

IF PAYING BY CREDIT CARD FILL OUT BELOW
VISA-MASTERCARD-DISC Exp. Date_____
Card#_____
Signature:_____
Name of Cardholder:_____

STATEMENT DATE ___ ___ PAY THIS AMOUNT

12/20/2004          $150.00
2005 OCT 28  A  4:59
                   SHOW AMOUNT
HALIFAX COUNTY AD STORE $_____

10-80472-19**********AUTO**MIXED AADC 350
Mr. Christopher Turner
400 Davie Smith St
Roanoke Rapids, NC 27870-9362

Send Payment with Reference Number To:
Loss Prevention/Recovery Div.
P.O. Box 1126
Lowell, AR 72745-1126
or use Payment Form Enclosed

_ Please check if above address is incorrect. Indicate change on reverse side. PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

Our records show that on 11/05/2004, you took possession of merchandise from Wal-Mart, without the owners consent without paying for it, and with the intent of converting the merchandise for personal use or the use of another.

Our records indicate that you have received a previous notice. We are now prepared to pursue our legal rights which may include seeking a judgment against you pursuant to your State's Civil Recovery Statute. Should we be required to pursue our remedy by filing a civil cause of action, you may also be subject to reasonable attorney's fees and court costs. In order to avoid the additional expenses of filing this action, we will accept the amount of:

## $ 150.00 Total Civil Demand

To ensure proper credit, include your printed name and reference number on the enclosed payment processing form. For your convenience, we have enclosed a remittance envelope.

Payment should be made WITHIN TEN (10) days by money order, cashier's check or certified check paid to the order of Wal-Mart Stores, Inc. We accept the following major credit cards: MasterCard, VISA, and Discover. We also offer Western Union payment options - Phone Pay, credit card, and Quick Collect. Contact our office for details.

If you have any questions concerning this matter, or would like to request a payment arrangement, please contact our office at 1-800-236-7428, (option 1 for payment arrangements or option 2 for questions), Monday through Friday, between the hours of 7:00 a.m. and 6:00 p.m. Central Standard Time. You may also seek legal counsel at your own expense. If you do not pay this request, we retain the right to proceed against you in civil action for damages allowed by your State's Statute, including reasonable attorney fees and court costs as allowed by law.

IMPORTANT NOTICE: The payment of any civil penalty or damage does not prevent criminal prosecution under a related criminal provision and does not prevent any fines or punishment which may be handed out by the criminal court.

**Por favor, hable a nuestra oficina al 1-800-236-7428 para comunicarse con un asociado en Español si lo necesita.**



From _____

_____

_____

_____

PRESORTED
FIRST CLASS

BIRMINGHAM
AL

U.S.POSTAGE
0.30

Place
Stamp
Here

702 SW 8TH STREET
BENTONVILLE, AR 72716-0815

02381

Reference No: 2004-1502-000272
01/03/2005

IF PAYING BY CREDIT CARD FILL OUT BELOW
VISA-MASTERCARD-DISC Exp. Date _____
Card# _____
Signature: _____
Name of Cardholder: _____

| STATEMENT DATE | PAY THIS AMOUNT |
|---|---|
| 01/03/2005 | $150.00 |

**THIRD AND FINAL NOTICE**

2005 OCT 28  A 10: 00

HALIFAX COUNTY, C.S.C.

SHOW AMOUNT
PAID HERE $ _____

14-10-02**********AUTO**MIXED AADC 350
Mr. Christopher Turner  BY _____
400 Davie Smith St
Roanoke Rapids, NC 27870-9362

Send Payments with Reference Number To:
**Loss Prevention/Recovery Div.**
**P.O. Box 1126**
**Lowell, AR 72745-1126**
**or use Payment Form Enclosed**

__ Please check if above address is incorrect. Indicate change on reverse side. PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

We have been extremely patient in waiting for you to either satisfy the civil recovery liability pursuant to your state's Civil Recovery Law or to make arrangements with us for payment. At this stage it would seem that the only way payment will be made is if a civil action is filed as authorized by your state's Civil Recovery Statute.

Should you wish to avoid this action, then we ask for immediate payment in full of our Civil Recovery due in the amount of $150.00. If we have not received this amount within ten (10) days of the receipt of this letter by you, the only way for us to compel payment is to pursue a civil action. If such an action is initiated, we will ask the Court to award all statutory actual and incidental damages and any civil penalty, as authorized by law.

If you have any questions concerning this matter, please contact 1-800-236-7428, (option 1 for payment arrangements or option 2 for questions), Monday through Friday, between 7:00 a.m. and 6:00 p.m. Central Standard Time



**DEFENDANT'S
EXHIBIT
E
_____**

**Por favor, hable a nuestra oficina al 1-800-236-7428 para comunicarse con un asociado en Español si lo necesita.**



From _____

Place
Stamp
Here

PRESORTED
FIRST CLASS

U.S.POSTAGE
0.292

# PALMER, REIFLER & ASSOCIATES, P.A.

LAW OFFICES OF

P.O. Box 607774
Orlando, Florida 32860-7774
(407) 875-8032

TELEPHONE TOLL FREE
(888) 572-5637

FAX
(407) 875-0739

**DEFENDANT'S EXHIBIT**
**F**

FILED

2005 OCT 28 A 10: 00

May 10, 2005  HALIFAX COUNTY, C.S.C.

CHRISTOPHER TURNER
400 DAVIE SMITH ST
ROANOKE RAPIDS, NC  27870-9362

BY _____

Re: WAL-MART / TURNER
File: NCW0639067

Dear CHRISTOPHER TURNER:

This Law Firm represents WAL-MART concerning its claim against you in connection with an incident in their store #1502 on 11/05/2004. WAL-MART records show that on 11/05/2004, you unlawfully took possession of property from WAL-MART without paying for the property, and with the intent of converting the property for personal use. In accordance with civil liability for larceny NC Gen. Statute §1-538.2 and common law, our client is authorized to demand that you pay damages of $225.00.

In the event you fail to comply with our demand for $225.00 within 15 days from the date of your receipt of the notice, you may be held civilly liable for an amount not less than $150.00 and no more than $1,000.00 in a civil action against you to recover the penalties and damages authorized by law, which include court costs and attorney's fees. If you pay the $225.00 within 15 days described above, WAL-MART will have no further civil remedy against you arising from the events occurring on 11/05/2004.

If you are the parent or legal guardian of an unemancipated minor who unlawfully took possession of property as set out above, you can be held liable if you knew or should have known of the propensity of the child to commit the act complained of, and you had the opportunity and ability to control the child and you made no reasonable effort to correct or restrain the child.

If you believe you have received this notice in error, please contact the undersigned immediately.

YOU HAVE A RIGHT TO CONTEST YOUR LIABILITY IN COURT.

Upon receipt of your full payment, you will receive a written acknowledgement that the civil matter is fully resolved.

Payment should be made payable and mailed to Palmer, Reifler & Associates, P.A., Post Office Box 607774, Orlando, FL, 32860-7774. Please include the file number shown above on your payment. If you wish to discuss alternative payment arrangements, you may call us at 888/572-5637. **MasterCard, Visa, American Express and Discover are also accepted.**

Yours very truly,

James R. Palmer*
For the Firm

*Licensed in Florida and Texas
JRP/ll

Credit Cards Accepted

Se Habla Espanol

Credit/Debit Card Payment

File Number: _____     Name on File: _____

Circle One:  MASTERCARD     VISA     AMERICAN EXPRESS     DISCOVER

CARDHOLDER'S NAME: _____

, (PRINT NAME AS IT APPEARS ON CARD)

CARD NUMBER: _____     EXPIRATION DATE: _____ (MM/YY)

TELEPHONE NUMBER: ( ____ ) _____

Payment of $ _____ (A $5.00 convenience fee is added for each credit/debit card transaction)

By signing this form, you are authorizing our firm to perform a credit/debit transaction according to the above stated terms including the $5.00 convenience fee per transaction.

Signature _____

LAW OFFICES OF
PALMER, REIFLER & ASSOCIATES, P.A.
POST OFFICE BOX 60774
Orlando, FL 32860-7774

RETURN SERVICE REQUESTED

27870     SKWSNYHL

5-11-05 ORLANDO FL 328**

PRESORTED
FIRST CLASS

$00.278
05/10/2005
Mailed From 32751
02538755

US POSTAGE

# PALMER, REIFLER & ASSOCIATES, P.A.

P.O. Box 607774
Orlando, Florida 32860-7774

TELEPHONE TOLL FREE
(888) 572-5637

(407) 875-8032

FAX
(407) 875-0739

DEFENDANT'S
EXHIBIT
G

2005 OCT 28 A 10: 00

June 06, 2005   HALIFAX COUNTY, C.S.C.

BY _____   WAL-MART / TURNER

CHRISTOPHER TURNER
111 DAVIE SMITH ST
ROANOKE RAPIDS, NC 27870-9362

File: NCW063906?

## SECOND NOTICE

This Law Firm represents WAL-MART concerning its claim against you in connection with an incident in their store #1512 on 11/08/2004. Pursuant to civil liability for larceny NC Gen. Statute §1-539.2 and common law, we previously mailed a written demand for payment of $225.00 to you. To date, you have failed to make full payment.

**THIS IS YOUR SECOND NOTICE.**

We must receive payment of $225.00 within 10 days of the date of this letter. If you wish, you may make up to (4) monthly payments of no less than $56.25 each, as long as the first payment is postmarked within (10) days of the date of this letter. If you wish to discuss a different payment plan, you may call our office to do so at 888/572-5637.

In the event a lawsuit is filed, you would be served by the sheriff or other means with a summons which would instruct you or your attorney to appear in court to defend the action. If our client files a lawsuit against you and it prevails, we estimate that our client would seek a final judgment of damages, attorney's fees and court costs in excess of the amount demanded herein.

Please make payment according to the terms hereof to avoid such action. **Payment should be made payable and mailed to Palmer, Reifler & Associates, P.A., Post Office Box 607774, Orlando, FL, 32860-7774.  Please include the file number shown above on your payment.  Please be sure to keep a record of this address for future payments, as we will not provide additional payment notices.**

MasterCard, Visa, American Express and Discover are also accepted.

Thank you for your prompt reply.

Yours very truly,

James R. Palmer
For the Firm